IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL McARTHUR,

    Petitioner,                     No. 2:11-cv-0582 GEB KJN P

    vs.

R. HILL, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2008 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date. Specifically, petitioner claims:

    1. The state courts unreasonably denied review of petitioner's claims because (a) petitioner's substance abuse problems are no longer a factor that should be considered; (b) psychological evaluations did not undermine petitioner's suitability for parole with evidence of current dangerousness; and (c) there is no evidence of petitioner's lack of insight or current dangerousness;

    2. Petitioner's due process rights were violated because the decision to deny parole was not supported by some evidence that

1

        petitioner would pose an unreasonable risk of danger to the public
        or threat to society; and

       3. Petitioner's due process rights were violated when the Board
         continued to rely on the commitment offense.

(Dkt. No. 1.) All of these claims are based on alleged violations of petitioner's due process rights under the Fourteenth Amendment. For the reasons stated below, the court recommends that respondent's motion to dismiss be granted, and that the petition be dismissed.

II. Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III. Due Process Claims

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,

221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  <u>Greenholtz</u>, 442 U.S. at 12; <u>see also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause.  <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 863 (2011).  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181, 1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002).  However, in <u>Swarthout</u> the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement."  <u>Swarthout</u>, 131 S. Ct. at 864.  In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  <u>Id.</u>  Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  <u>Swarthout</u>, 131 S. Ct. at 863-64.

Here, the record reflects that petitioner was present at the November 20, 2008 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole.  (Dkt. No. 13-1 at 77-105; 13-2 at 1-68.)  According to the

1  United States Supreme Court, the federal due process clause requires no more.[1]

2  IV.  New Claim

3  Finally, petitioner attempts to raise a new claim in his opposition.  Petitioner argues that the Board's failure to set a uniform term of commitment converts petitioner's sentence to life without the possibility of parole, which petitioner contends is disproportionate, cruel and unusual, and violates the Equal Protection Clause.[2]  (Dkt. No. 15 at 43.)  Respondent did not file a reply.

Because petitioner failed to raise this claim in his petition, the court should disregard the claim.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief).  However, subsequent case law holds that a district court "has discretion, but is not required," to consider evidence and claims raised for the first time in objections to a magistrate judge's report.  United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000); see also Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002) (remanded for district court to exercise discretion whether to review new claim raised in objections).  The district court must, however, "actually exercise its discretion" and not merely accept or deny the new claims.  Howell, 231 F.3d at 622.  In light of this discretion, the court will review this claim.

---

[1] "The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly.  Stuart v. Carey, 2011 WL 2709255 (9th Cir. 2011), citing Swarthout, 131 S. Ct. at 863.  Petitioner cannot obtain more process by attempting to characterize his claims in a different way.

[2] In the heading for this new claim, petitioner references the Fifth and Sixth Amendments.  (Dkt. No. 15 at 43.)  The court has addressed petitioner's Eighth Amendment and equal protection claims.  The remaining citations are vague, conclusory, and unsupported by facts or argument, and are therefore insufficient to state a claim for habeas relief based on a violation of petitioner's Fifth or Sixth Amendment rights.  Accordingly, any such claims are also summarily dismissed.  In addition, petitioner claims that his sentence violates his rights under the state constitution.  (Dkt. No. 15 at 47, 50.)  A challenge under the state constitution is not cognizable in this action as federal habeas corpus relief is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).

1                Petitioner did not include the new claim in his petition filed in the California
2   Supreme Court. (Dkt. No. 13-1 at 13-70.) Thus, the new claim is unexhausted. However, a
3   court may dismiss a claim on the merits notwithstanding a petitioner's failure to fully exhaust
4   state judicial remedies. 28 U.S.C. § 2254(b)(2); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir.
5   2005) (federal court considering a habeas petition may deny an unexhausted claim on the merits
6   when it is clear that the claim is not colorable).

7                Petitioner argues that his continued incarceration is cruel and unusual punishment
8   because it is disproportionate to the crime committed. Successful challenges to the
9   proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277,
10  289-90 (1983). "The Eighth Amendment does not require strict proportionality between crime
11  and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the
12  crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (citing
13  Solem). See also Lockyer v. Andrade, 538 U.S. 63, 77 (2003) (two consecutive twenty-five
14  years to life sentences with the possibility of parole did not amount to cruel and unusual
15  punishment); Ewing v. California, 538 U.S. 11 (2003) (sentence of twenty-five years to life
16  imposed for felony grand theft under California's Three Strikes law did not violate the Eighth
17  Amendment); United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (upholding a life
18  sentence without possibility of parole for being a felon in possession of a firearm where
19  defendant had an extensive criminal record). Further, it has been held that a sentence of fifty
20  years to life for murder with use of a firearm is not grossly disproportionate. Plascencia v.
21  Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006).

22               Here, petitioner was convicted of first degree murder and two counts of burglary.
23  The punishment for first degree murder ranges from twenty-five years to life, to punishment by
24  death. Cal. Penal Code § 190(a). Petitioner was sentenced to twenty-five years to life. (Dkt. No.
25  1.) Neither petitioner's sentence of twenty-five years to life, nor the Board's decision in 2008
26  that petitioner was unsuitable for release on parole at that time, fall within the type of

"exceedingly rare" circumstance that constitutes a violation of the Eighth Amendment. In light of the decision in Harmelin, wherein the petitioner received a sentence of life in prison without the possibility of parole for possessing 672 grams of cocaine, as well as the decision in Ewing, which imposed a sentence of twenty-five years to life for a petty theft conviction, the sentence imposed on petitioner for first degree murder cannot be said to be grossly disproportionate to his crime of conviction. Under the circumstances of this case, petitioner's allegations do not state a viable claim for a violation of the Eighth Amendment.

In his new claim, petitioner also argues that he is being denied the benefit of earned behavioral credits in violation of the Equal Protection Clause. Petitioner contends that all prisoners serving life terms are eligible to earn post-conviction behavioral credits to reduce the actual time served. Petitioner argues that he can no longer reduce his term by one-quarter or one-half because he has already served over the amount of time where he could possibly gain any additional benefits from the credits. Petitioner contends this limitation violates the law because "nearly all prisoners are in fact awarded these good conduct sentencing credits automatically -- unless, like petitioner, they have a life term sentence." (Dkt. No. 15 at 46.)

A petitioner raising an equal protection claim in the parole context must demonstrate that he was treated differently from other similarly situated prisoners and that the Board lacked a rational basis for its decision. McGinnis v. Royster, 410 U.S. 263, 269-70 (1973); McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991). Petitioner has failed to show that any other inmate who was similarly situated to him was granted a parole date. Petitioner has also failed to demonstrate that the Board violated his equal protection rights at his 2008 hearing by applying a different suitability standard in his case. Accordingly, petitioner is not entitled to relief on a claim that his equal protection rights were violated by the Board's conclusion that he was not suitable for parole in 2008. See Jones v. Dickinson, 2010 WL 3716201, at *9-10 (E.D. Cal. Sept. 15, 2010) (rejecting equal protection claim for federal habeas relief); Siller v. Sisto, 2009 WL 4048110, at *11 (E.D. Cal. Nov. 19, 2009) (same).

1    Petitioner's claim that he should have been released on parole is essentially a
2 claim that state law has been violated.  Petitioner's arguments in this regard have been rejected
3 by the California Supreme Court which has held, for example, that the Board is not required to
4 refer to its sentencing matrices or to compare other crimes of the same type in deciding whether a
5 particular prisoner is suitable for release on parole.  See In re Dannenberg, 34 Cal. 4th 1061,
6 1084, 1098 (Cal. 2005); see also In re Lawrence, 44 Cal. 4th 1181, 1217, 1221 (Cal. 2008).
7 Thus, petitioner's arguments that the state courts erred in applying state law in reviewing the
8 Board's decision to deny him parole are not cognizable in this federal habeas corpus proceeding.
9 Swarthout, 131 S. Ct. at 861; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).
10    Moreover, an inmate serving a life term cannot be released on parole until his
11 minimum eligible parole date ("MEPD").  Cal. Code Regs. tit. 15, § 2000(b)(67).  Regardless of
12 the inmate's MEPD, he will not be released on parole until the Board finds him suitable for
13 parole.  Id.  Once the inmate is found suitable for parole, the actual term of incarceration is not
14 determined by the statutory credits, but by the Board.  Id.; Cal. Code Regs. tit. 15, §§ 2401(a),
15 2403.  The Board sets a base term of confinement, and has the discretion to shorten that term
16 through a separate post-conviction credit scheme.  Cal. Code Regs. tit. 15, §§ 2403, 2401.
17 Therefore, the duration of an inmate's incarceration on a life term is determined by the Board,
18 not by statutory credit earnings and losses.  Because petitioner has not been found suitable for
19 parole, his claim that the Board failed to grant him credits is without merit.  For these reasons,
20 petitioner's equal protection claim is without merit.

V. Conclusion

    For all of the above reasons, IT IS HEREBY RECOMMENDED that respondent's June 28, 2011 motion to dismiss (dkt. no 13) be granted, and this action be dismissed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcar0582.bph.mtd